# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS SILVA,<br><br>               Plaintiff,<br><br>vs.<br><br>NASARIA P. BARRERAS, *Chief Medical Officer*; KHATRI, *Chief Physician*; COLLINSWORTH, *Physician*; HATCH, *Correctional Officer*; ALEXI, *Correctional Officer*; JL NICHOLES, *Correctional Counselor*; JOAN TRACY, *Health Care Manager*; Does1 through 3,<br><br>               Defendants. | CASE NO. 09CV2193-(BGS)<br><br>**ORDER:**<br>**(1) DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL; (2) EXTENDING TIME FOR SERVICE; (3) DIRECTING CLERK TO SEND PLAINTIFF CERTIFIED COPY OF THE IN FORMA PAUPERIS/SERVICE ORDER** |

On April 28, 2010, Plaintiff Jesus Silva, a prisoner proceeding *pro se* and *In Forma Pauperis* ("IFP") in this civil rights action, filed a motion to appoint counsel. (Doc. No. 10.) On May 4, 2010, this case was transferred to the undersigned. (Doc. No. 11.) On October 29, 2010, Judge Whelan accepted a letter from Plaintiff requesting that he receive a certified copy of the order granting him IFP status and directing the United States marshal to issue and serve process. (Doc. No. 13.) On January 13, 2011, Judge Whelan accepted another letter from Plaintiff that once again requested the certified copy of the IFP/Service Order. (Doc. No. 16.) It does not appear that the clerk was ever directed to mail Plaintiff a certified copy of the

Court's order granting his motion to proceed IFP and directing the U.S. Marshal to serve process. The Court **GRANTS** Plaintiff's motion for the clerk to send him a certified copy of the IFP order (Doc. No. 8). Additionally, for the reasons set forth below the Court **DENIES WITHOUT PREJUDICE** Plaintiff's motion for appointment of counsel.

Plaintiff requests appointment of counsel for four reasons: (1) as a result of gunshot wounds to the head he suffers from diminished mental capacity; (2) he has no experience in pursuing legal matters; (3) the issues in the case are factually complex; and (4) he cannot afford to secure his own counsel. (Doc. No. 10.)

"There is no constitutional right to appointed counsel in a § 1983 action." *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (*citing Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)); *see also Hedges v. Resolution Trust Corp. (In re Hedges)*, 32 F.3d 1360, 1363 (9th Cir. 1994) ("[T]here is no absolute right to counsel in civil proceedings.") (citation omitted). Thus, federal courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).

Districts courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand*, 113 F.3d at 1525. "A finding of the exceptional circumstances of the plaintiff seeking assistance requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman*, 390 F.3d at 1103 (*quoting Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

The Court denies Plaintiff's request without prejudice, as neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017. Plaintiff has thus far been able to articulate his claims, as the Court found that Plaintiff's complaint contains allegations

1  sufficient to survive the sua sponte screening required by 28 U.S.C. §§1915(e)(2) and
2  1915A(b). (*See* Doc. No. 8 at 3.) Furthermore, it does not appear that the legal issues involved
3  are complex. *See Wilborn v. Escalderon*, 789 F.3d 1328, 1331 (9th Cir. 1986) (noting that, "If
4  all that was required to establish successfully the complexity of the relevant issues was a
5  demonstration of the need for development of further facts, practically all cases would involve
6  complex legal issues.").

7      In light of Plaintiff not receiving a certified copy of the IFP order, the Court, pursuant
8  to Fed. R. Civ. Pro. 4(m), will extend the time for service of the summons and complaint.
9  Plaintiff's complaint was filed on March 8, 2010. (Doc. No. 6.) Therefore, the 120 days for
10 service under Rule 4(m) expired on July 6, 2010. Plaintiff shall have an additional 120 days
11 from the date of this order to serve Defendants.

12     **IT IS SO ORDERED.**

14 DATED: March 14, 2011

                            Hon. Bernard G. Skomal
                            U.S. Magistrate Judge
                            United States District Court