# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS SILVA,<br><br>                            Plaintiff,<br><br>  v.<br><br>NASARIA P. BARRERAS, et al.,<br><br>                           Defendants. | CASE NO. 09-CV-2193 W (BGS)<br><br>**ORDER (1) ADOPTING REPORT AND RECOMMENDATION (DOC. 34), (2) GRANTING MOTION TO DISMISS (DOC. 32), AND (3) DENYING CERTIFICATE OF APPEALABILITY** |

      On March 8, 2010, Plaintiff Jesus Silva, a state prisoner proceeding pro se, filed his First Amended Complaint ("FAC") in this lawsuit brought under 42 U.S.C. § 1983. Plaintiff alleges that Defendants deprived him of his Eighth Amendment right to be free from cruel and unusual punishment, were deliberately indifferent to his medical needs, and were negligent under state tort law. On September 6, 2011, Defendants filed a motion to dismiss the FAC. (*See* Doc. 32.) Plaintiff did not oppose the motion.

      On February 17, 2012, Magistrate Judge Bernard G. Skomal issued a Report and Recommendation ("Report"), recommending that the Court grant the motion to dismiss. (*See* Doc. 34.) The Report also ordered that any objections were to be filed no later than 17 days after receiving a copy of the Report, and any Reply within 10 days of being served with the objections. Based on these deadlines, any objection was due

on or before March 5, 2012. To date, no objection has been filed, nor has there been a request for additional time in which to file an objection.

A district court's duties concerning a magistrate judge's report and recommendation and a respondent's objections thereto are set forth in Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. See Mayle v. Felix, 545 U.S. 644, 654 (2005) (Acknowledging that a "discrete set of Rules governs federal habeas proceedings launched by state prisoners.") Rule 8(b) provides that a district judge "must determine de novo any proposed finding or recommendation to which objection is made." In United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003), the Ninth Circuit interpreted identical language in 28 U.S.C. 636(b)(1)(c) as making clear that "the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made,* but not otherwise." (emphasis in original); see also Wang v. Masaitis, 416 F.3d 992, 1000 n. 13 (9th Cir. 2005) ("Of course, de novo review of a R & R is *only* required when an objection is made to the R & R.") (emphasis added) (citing Renya-Tapia, 328 F.3d 1121); Nelson v. Giurbino, 395 F. Supp. 2d 946, 949 (S.D. Cal. 2005) (Lorenz, J.) (adopted Report without review because neither party filed objections to the Report despite the opportunity to do so, "accordingly, the Court will adopt the Report and Recommendation in its entirety."); see also Nichols v. Logan, 355 F. Supp. 2d 1155, 1157 (S.D. Cal. 2004) (Benitez, J.).

The Court recognizes that other district courts within the Ninth Circuit, including this Court, have previously held that de novo review of the magistrate judge's findings of law is required even where the prisoner does not object. See Johnson v. Nelson, 142 F.Supp.2d 1215, 1217 (S.D.Cal. 2001); Avratin v. Bermudez, 420 F. Supp.2d 1121, 1122-23 (S.D.Cal. 2006); Cordeiro v. Hernandez, 2010 WL 364193 (S.D.Cal. 2010). These cases, however, are all rooted in the Ninth Circuit's decision in Britt v. Simi Valley Unified school District, 708 F.2d 452 (9th Cir. 1983). The Court finds that reliance on Britt, however, is no longer appropriate given the Ninth Circuit's more recent en banc decision in Renya-Tapia. See Schmidt v. Johnstone, 263 F. Supp.

2d 1219, 1226 (D. Arizona 2003) (concluding that <u>Renya-Tapia</u> overruled <u>Britt</u>'s requirement that district court's review findings of law even where no objections are filed.)

The Court, therefore, accepts Judge Skomal's recommendation, and **ADOPTS** the Report (Doc. 34) in its entirety. For the reasons stated in the Report, which is incorporated herein by reference, the Court **GRANTS** the motion to dismiss (Doc. 32) and **ORDERS** this matter **DISMISSED**. The Court also **DENIES** a **CERTIFICATE OF APPEALABILITY**.

**IT IS SO ORDERED.**

DATED: April 2, 2012

Hon. Thomas J. Whelan
United States District Judge