1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 11  JESUS SILVA, | CASE NO. 09-CV-2193 W (BGS) |
| 12                          Plaintiff, | ORDER FINDING PLAINTIFF'S APPEAL IS NOT TAKEN IN GOOD FAITH |
| 13  v. | |
| 14 | |
| 15  NASARIA P. BARRERAS, et al, | |
| 16                          Defendants. | |

17

On October 2, 2009, Plaintiff Jesus Silva, a state prisoner proceeding pro se, filed this lawsuit under 42 U.S.C. § 1983.  On March 8, 2010, Plaintiff filed the First Amended Complaint ("FAC").  On September 6, 2011, Defendants filed a motion to dismiss the FAC.  The motion was unopposed and on February 17, 2012, the Magistrate Judge recommended the Court grant the motion.  Plaintiff filed no objections to the Magistrate Judge's report, and on February 17, 2012, this Court issued an order adopting the Magistrate Judge's report and dismissing the case.

On April 25, 2012, Plaintiff Jesus Silva filed a Notice of Appeal, and motion for appointment of counsel.  On April 30, 2012, the Ninth Circuit referred the matter to this Court to determine within 21 days "whether in forma pauperis status should

28

1  continue for this appeal or whether the appeal is frivolous or taken in bad faith." (*See*

2  *Referral Notice* [Doc. 41].)

3        Under 28 U.S.C. § 1915(a)(3), "an appeal may not be taken in forma pauperis

4  if the trial court certifies in writing that it is not taken in good faith." Good faith is an

5  objective standard. <u>Schweitzer v. Scott</u>, 469 F.Supp. 1017, 1020 (C.D. Cal. 1979). It

6  requires an inquiry into the merits of the appeal, but does not require that probable

7  success be demonstrated, only "whether the appeal involves 'legal points arguable on

8  their merits (and therefore not frivolous).'" <u>Jones v. Frank</u>, 622 F.Supp. 1119, 1120

9  (D.C. Tex. 1985) (citing <u>Anders v. California</u>, 386 U.S. 738 (1967)).

10        Plaintiff filed this action under 42 U.S.C. § 1983 alleging Defendants subjected

11  him to cruel and unusual punishment, were deliberately indifferent to his medical needs

12  and were negligent under state law. The claims arise from two incidents that occurred

13  on April 30, 2007 and June 16, 2007 while Plaintiff was incarcerated at Centinela State

14  Prison.

15        Under the Prison Litigation Reform Act ("PLRA"), prisoners must exhaust prison

16  administrative procedures before filing a section 1983 claim challenging prison

17  conditions. 42 U.S.C. § 1997e(a). This requirement applies to all claims relating to

18  prison life that do not implicate the duration of the prisoner's sentence. <u>Porter v.</u>

19  <u>Nussle</u>, 534 U.S. 516, 524–32 (2002).

20        California inmates may appeal "any departmental decision, action, condition or

21  policy perceived by those individuals as adversely affecting their welfare." 15 Cal. Code

22  Regs. Tit. 15 § 3084.1(a). California also provides prisoners the right to file appeals

23  alleging misconduct by correctional officers and officials. <u>Id.</u> When the alleged

24  incidents in this case occurred, in order to exhaust the available administrative

25  remedies, a prisoner was required to proceed through several levels of appeal. <u>Id.</u> §

26  3084.5; <u>Brodheim v. Cry</u>, 584 F.3d 1262, 1264–1265 (9th Cir. 2009). The

27  administrative process is exhausted only after all the relevant procedures have been

28  completed. <u>Woodford v. Ngo</u>, 548 U.S. 91, 95–96 (9th Cir. 1999).

1    In support of the claim that he exhausted administrative remedies, Plaintiff
2    attached two administrative appeals that he submitted at California State Prison,
3    Solano.  The appeals were submitted on October 9, 2008 and June 1, 2009.  Neither
4    appeal mentions the facts that form the basis of his section 1983 action.  Additionally,
5    prisoners must submit an appeal within 15 days of the occurrence of the event or
6    decision being appealed.  15 Cal. Code Regs. tit. 15, § 3084.6(c).  Thus, assuming
7    Plaintiff's appeals related to the April 2007 or June 2007 incidents, neither of the
8    appeals were filed within 15 days of those incidents.  And Defendants established that
9    Plaintiff filed no other administrative appeals relating to the April 2007 or June 2007
10   incidents.

11   With respect to Plaintiff's state negligence claim, it is subject to the California
12   Government Tort Claims Act, which required Plaintiff to submit a claim to the public
13   entity employing the defendants before filing this lawsuit.  Cal. Gov. Code § 945.4,
14   950.2.  Timely claim presentation is not merely a procedural requirement, but a
15   condition precedent to the plaintiff's ability to maintain an action against the public
16   entity.  Harmon v. Mono Gen. Hosp., 182 Cal. Rptr. 570, 573 (1982).  Thus, the
17   plaintiff must affirmatively allege facts "demonstrating or excusing compliance with the
18   claim presentation requirement."  State v. Superior Court (Bodde), 32 Cal.4th 1234,
19   1243 (2004).  Here, Plaintiff has not alleged compliance with the California Tort
20   Claims Act, nor is there any evidence that he complied with the claim presentation
21   requirement.

22   For these reasons, the Court finds the appeal is not taken in good faith.
23   **IT IS SO ORDERED.**

24

25   DATED:  May 18, 2012

26

27   _____
     Hon. Thomas J. Whelan
28   United States District Judge

09cv2193w