UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS SILVA,<br><br>        Plaintiff,<br><br> v.<br><br>NASARIA P. BARRERAS, et al,<br><br>        Defendants. | Case No. 09-CV-2193 W (BGS)<br><br>**ORDER FINDING PLAINTIFF'S APPEAL IS NOT TAKEN IN GOOD FAITH** |

   On October 2, 2009, Plaintiff Jesus Silva, a state prisoner proceeding pro se, filed this lawsuit under 42 U.S.C. § 1983. On March 8, 2010, Plaintiff filed the First Amended Complaint ("FAC"). On September 6, 2011, Defendants filed a motion to dismiss the FAC. The motion was unopposed and on February 17, 2012, the Magistrate Judge recommended the Court grant the motion. Plaintiff filed no objections to the Magistrate Judge's report, and on February 17, 2012, this Court issued an order adopting the Magistrate Judge's report and dismissing the case.

   On April 25, 2012, Plaintiff Jesus Silva filed a Notice of Appeal, and motion for appointment of counsel. On April 30, 2012, the Ninth Circuit referred the matter to this Court to determine within 21 days "whether in forma pauperis status should

continue for this appeal or whether the appeal is frivolous or taken in bad faith." (*See Referral Notice* [Doc. 41].)

Under 28 U.S.C. § 1915(a)(3), "an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." Good faith is an objective standard. Schweitzer v. Scott, 469 F.Supp. 1017, 1020 (C.D. Cal. 1979). It requires an inquiry into the merits of the appeal, but does not require that probable success be demonstrated, only "whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" Jones v. Frank, 622 F.Supp. 1119, 1120 (D.C. Tex. 1985) (citing Anders v. California, 386 U.S. 738 (1967)).

Plaintiff filed this action under 42 U.S.C. § 1983 alleging Defendants subjected him to cruel and unusual punishment, were deliberately indifferent to his medical needs and were negligent under state law. The claims arise from two incidents that occurred on April 30, 2007 and June 16, 2007 while Plaintiff was incarcerated at Centinela State Prison.

Under the Prison Litigation Reform Act ("PLRA"), prisoners must exhaust prison administrative procedures before filing a section 1983 claim challenging prison conditions. 42 U.S.C. § 1997e(a). This requirement applies to all claims relating to prison life that do not implicate the duration of the prisoner's sentence. Porter v. Nussle, 534 U.S. 516, 524–32 (2002).

California inmates may appeal "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." 15 Cal. Code Regs. Tit. 15 § 3084.1(a). California also provides prisoners the right to file appeals alleging misconduct by correctional officers and officials. Id. When the alleged incidents in this case occurred, in order to exhaust the available administrative remedies, a prisoner was required to proceed through several levels of appeal. Id. § 3084.5; Brodheim v. Cry, 584 F.3d 1262, 1264–1265 (9th Cir. 2009). The administrative process is exhausted only after all the relevant procedures have been completed. Woodford v. Ngo, 548 U.S. 91, 95–96 (9th Cir. 1999).

In support of the claim that he exhausted administrative remedies, Plaintiff attached two administrative appeals that he submitted at California State Prison, Solano. The appeals were submitted on October 9, 2008 and June 1, 2009. Neither appeal mentions the facts that form the basis of his section 1983 action. Additionally, prisoners must submit an appeal within 15 days of the occurrence of the event or decision being appealed. 15 Cal. Code Regs. tit. 15, § 3084.6(c). Thus, assuming Plaintiff's appeals related to the April 2007 or June 2007 incidents, neither of the appeals were filed within 15 days of those incidents. And Defendants established that Plaintiff filed no other administrative appeals relating to the April 2007 or June 2007 incidents.

With respect to Plaintiff's state negligence claim, it is subject to the California Government Tort Claims Act, which required Plaintiff to submit a claim to the public entity employing the defendants before filing this lawsuit. Cal. Gov. Code § 945.4, 950.2. Timely claim presentation is not merely a procedural requirement, but a condition precedent to the plaintiff's ability to maintain an action against the public entity. <u>Harmon v. Mono Gen. Hosp.</u>, 182 Cal. Rptr. 570, 573 (1982). Thus, the plaintiff must affirmatively allege facts "demonstrating or excusing compliance with the claim presentation requirement." <u>State v. Superior Court (Bodde)</u>, 32 Cal.4th 1234, 1243 (2004). Here, Plaintiff has not alleged compliance with the California Tort Claims Act, nor is there any evidence that he complied with the claim presentation requirement.

For these reasons, the Court finds the appeal is not taken in good faith.

**IT IS SO ORDERED.**

DATED: May 18, 2012

Hon. Thomas J. Whelan
United States District Judge